1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Guillermo  Quinonez,  husband;  Delma)    No. CV 11-02319-PHX-NVW
     Quinonez, wife,                        )
10                                           )    **ORDER**
                   Plaintiffs,               )
11                                           )
     vs.                                     )
12                                           )
                                             )
13   Remington   Arms   Company   LLC,   a)
     Delaware corporation,                   )
14                                           )
                   Defendant.                )
15                                           )
                                             )
16

17        Before the Court is Defendant Remington Arms Company, LLC's Rule 12(b)(6)

18   Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 37).

19   **I.    Legal Standard**

20        Dismissal under Fed. R. Civ. P. 12(b)(6) can be based on "the lack of  a cognizable

21   legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

22   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To avoid dismissal,

23   a complaint must contain "only enough facts to state a claim for relief that is plausible on

24   its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

25   plausibility when the plaintiff pleads factual content that allows the court to draw the

26   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

27   *Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

28

1        The principle that a court accepts as true all of the allegations in a complaint does

2    not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951.

3    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4    statements, do not suffice." *Id.* at 1949.  "A plaintiff's obligation to provide the grounds

5    of his entitlement to relief requires more than labels and conclusions, and a formulaic

6    recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

7    **II.    Facts Assumed to Be True**

8        On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material

9    fact are assumed to be true and construed in the light most favorable to the nonmoving

10   party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Therefore, the Court

11   assumes the following facts pled in the Second Amended Complaint to be true for the

12   purpose of deciding the motion to dismiss it.

13       On October 5, 2003, Plaintiff Guillermo Quinonez brought a borrowed Remington

14   Model 700 rifle when he went hunting with a friend.  As Quinonez exited their vehicle, he

15   attempted to remove the rifle from the vehicle, and the strap on the Remington Model 700

16   rifle caught on the passenger seat.  As Quinonez "attempted to free the rifle, it discharged

17   and the muzzle blast hit his left foot/leg."  Quinonez "remembers that he neither

18   intentionally nor unintentionally activated the trigger with his finger or any part of his

19   body."

20       Subsequently, at Flagstaff Medical Center, two separate surgical procedures were

21   performed on Quinonez's left foot.  He was then transferred to Mayo Clinic in Scottsdale,

22   Arizona, where additional surgeries were performed.  Quinonez's left leg could not be

23   saved, and it was amputated below the knee.  For approximately six months after the

24   amputation, Quinonez participated in intensive physical therapy, followed by

25   rehabilitation through extensive home exercising.

26       For the next seven years, Quinonez "presumed that trigger activation occurred

27   during his attempt to remove the rifle from the vehicle."  He "presumed that trigger

28

1  activation must have taken place during his attempt to free the strap from the seat and

2  remove the rifle from the vehicle."

3      In October 2010, a friend provided Quinonez with a copy of a video of a CNBC

4  program titled "Remington Under Fire."  The program provided Quinonez with

5  information regarding the Remington Model 700 rifle discharging without a trigger pull,

6  "which allowed him to re-evaluate the accident and how it occurred."  Prior to viewing

7  this program, Quinonez "had no actual knowledge of the Remington Model 700 rifle's

8  defect (nor of its unique design component, the trigger connector)."

9      At the time Quinonez was injured, Remington knew, or in the exercise of ordinary

10  care should have known, of the Remington Model 700 rifle's propensity to unexpectedly

11  discharge without pulling the trigger, but concealed the information from the public.

12  Remington did not warn the public about the rifle's defects.

13      On October 27, 2011, Plaintiffs filed a Complaint against Remington alleging

14  strict products liability and negligence in the Maricopa County Superior Court.  On

15  November 23, 2011, Remington removed the case to federal court.  On February 10,

16  2012, the Complaint was dismissed with leave to amend because it alleged a claim

17  outside the statute of limitations and did "not allege any exception that might toll the

18  statute, such as lack of knowledge that the rifle discharged without touching the trigger or

19  trigger guard."  Subsequently, the First Amended Complaint was stricken, and Plaintiffs

20  filed the Second Amended Complaint on March 29, 2012.

21  **III.    Analysis**

22      **A.    Inconsistency with a Prior Pleading Does Not Warrant Dismissing the Second Amended Complaint.**

23

24      Remington contends that the allegation that "Mr. Quinonez presumed that trigger

activation occurred during his attempt to remove the Rifle from the vehicle" must be

25  disregarded because it is inconsistent with his prior affidavit made part of the First

26  Amended Complaint, which was stricken for unrelated reasons.  The affidavit states, "At

27

28

1   no time did I touch the trigger or the trigger guard on the rifle, and at no time did I cause

2   the trigger to be activated." These statements are not plainly contradictory.

3        Further, on a Rule 12(b)(6) motion, the district court reviews claims only for legal

4   sufficiency. It "has no free-standing authority to strike pleadings simply because it

5   believes that a party has taken inconsistent positions in the litigation":

6         The short of it is that there is nothing in the Federal Rules of Civil
          Procedure to prevent a party from filing successive pleadings that make

7         inconsistent or even contradictory allegations. Unless there is a showing
          that the party acted in bad faith—a showing that can only be made after the

8         party is given an opportunity to respond under the procedures of Rule
          11—inconsistent allegations are simply not a basis for striking the pleading.

9   *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007). If Quinonez had

10  made contradictory statements under oath, Remington could have sought relief under

11  Rule 11. But, here, there is no basis for disregarding any of the Second Amended

12  Complaint's allegations.

13       **B.**     **Arizona's Statute of Limitations Does Not Require Dismissal of the**

14           **Second Amended Complaint.**

15       Remington contends that Plaintiffs' claims are barred by A.R.S. § 12-542(1),

16  which requires that a personal injury action be brought within two years after the cause of

17  action accrues. Plaintiffs contend that their causes of action did not accrue when the

18  accident and injury occurred in October 2003, but rather in October 2010 when they first

19  discovered the Remington Model 700 rifle's alleged defects. They further contend that

20  the discovery rule raises a question of fact to be determined by a jury.

21       Under Arizona law, a cause of action accrues when the plaintiff knows or with

22  reasonable diligence should know the facts underlying the cause. *Gust, Rosenfeld &*

23  *Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995); *accord*

24  *Doe v. Roe*, 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998). A core question is whether a

25  reasonable person would have been on notice to investigate whether the injury was

26  wrongfully inflicted. *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002). A

27  defendant's fraudulent concealment relieves the plaintiff's duty of diligent investigation

28  required by the discovery rule and tolls the statute of limitations until such concealment is

1 discovered or reasonably should have been discovered. *Id.* at 319, 44 P.3d at 999. "[T]he

2 true inquiry [] is not whether the defendant has wrongfully concealed the existence of the

3 cause of action itself, but whether the defendant has wrongfully concealed facts giving

4 rise to the cause of action in such a manner as to prevent a plaintiff from reasonably

5 discovering a claim exists within the limitations period." *Anson v. American Motors*

6 *Corp.*, 155 Ariz. 420, 426, 747 P.2d 581, 587 (Ct. App. 1987).

7 As alleged, at the time of the accident, Quinonez knew that he did not activate the

8 trigger of the rifle with his finger or body. He also knew that the strap of the rifle caught

9 on the passenger seat as he attempted to remove the rifle from the vehicle. He presumed

10 that something other than a defect caused the rifle to discharge. Also as alleged,

11 Remington knew and concealed knowledge of the Remington Model 700 rifle's

12 propensity to unexpectedly discharge without pulling the trigger, but concealed the

13 information from the public. Under the alleged facts, a reasonable person would not have

14 been on notice to investigate whether Quinonez's injury was wrongfully inflicted, and

15 Remington's fraudulent concealment tolled the statute of limitations until such

16 concealment was or reasonably should have been discovered. Once Quinonez had notice

17 of the rifle's alleged defects, he timely fulfilled his duty of diligent investigation and filed

18 a complaint. By denying Remington's motion to dismiss, the Court does not find that

19 Plaintiffs' claims necessarily will survive a statute of limitations challenge on summary

20 judgment and go to a jury, only that the Second Amended Complaint is sufficient to

21 survive this challenge on the pleadings.

22 IT IS THEREFORE ORDERED that Defendant Remington Arms Company,

23 LLC's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc.

24 37) is denied.

25 DATED this 9th day of May, 2012.

26

27 _____
      Neil V. Wake
28      United States District Judge

- 5 -