**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guillermo Quinonez, husband; Delma Quinonez, wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>Remington Arms Company LLC, a Delaware corporation,<br><br>        Defendant. | No. CV 11-02319-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Remington Arms Company, LLC's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 37).

**I.   Legal Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

1  The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Facts Assumed to Be True

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Therefore, the Court assumes the following facts pled in the Second Amended Complaint to be true for the purpose of deciding the motion to dismiss it.

On October 5, 2003, Plaintiff Guillermo Quinonez brought a borrowed Remington Model 700 rifle when he went hunting with a friend. As Quinonez exited their vehicle, he attempted to remove the rifle from the vehicle, and the strap on the Remington Model 700 rifle caught on the passenger seat. As Quinonez "attempted to free the rifle, it discharged and the muzzle blast hit his left foot/leg." Quinonez "remembers that he neither intentionally nor unintentionally activated the trigger with his finger or any part of his body."

Subsequently, at Flagstaff Medical Center, two separate surgical procedures were performed on Quinonez's left foot. He was then transferred to Mayo Clinic in Scottsdale, Arizona, where additional surgeries were performed. Quinonez's left leg could not be saved, and it was amputated below the knee. For approximately six months after the amputation, Quinonez participated in intensive physical therapy, followed by rehabilitation through extensive home exercising.

For the next seven years, Quinonez "presumed that trigger activation occurred during his attempt to remove the rifle from the vehicle." He "presumed that trigger

1   activation must have taken place during his attempt to free the strap from the seat and
2   remove the rifle from the vehicle."

3   In October 2010, a friend provided Quinonez with a copy of a video of a CNBC
4   program titled "Remington Under Fire."  The program provided Quinonez with
5   information regarding the Remington Model 700 rifle discharging without a trigger pull,
6   "which allowed him to re-evaluate the accident and how it occurred."  Prior to viewing
7   this program, Quinonez "had no actual knowledge of the Remington Model 700 rifle's
8   defect (nor of its unique design component, the trigger connector)."

9   At the time Quinonez was injured, Remington knew, or in the exercise of ordinary
10  care should have known, of the Remington Model 700 rifle's propensity to unexpectedly
11  discharge without pulling the trigger, but concealed the information from the public.
12  Remington did not warn the public about the rifle's defects.

13  On October 27, 2011, Plaintiffs filed a Complaint against Remington alleging
14  strict products liability and negligence in the Maricopa County Superior Court.  On
15  November 23, 2011, Remington removed the case to federal court.  On February 10,
16  2012, the Complaint was dismissed with leave to amend because it alleged a claim
17  outside the statute of limitations and did "not allege any exception that might toll the
18  statute, such as lack of knowledge that the rifle discharged without touching the trigger or
19  trigger guard."  Subsequently, the First Amended Complaint was stricken, and Plaintiffs
20  filed the Second Amended Complaint on March 29, 2012.

21  **III.   Analysis**

22      **A.   Inconsistency with a Prior Pleading Does Not Warrant Dismissing the Second Amended Complaint.**

23  Remington contends that the allegation that "Mr. Quinonez presumed that trigger
24  activation occurred during his attempt to remove the Rifle from the vehicle" must be
25  disregarded because it is inconsistent with his prior affidavit made part of the First
26  Amended Complaint, which was stricken for unrelated reasons.  The affidavit states, "At

- 3 -

no time did I touch the trigger or the trigger guard on the rifle, and at no time did I cause the trigger to be activated." These statements are not plainly contradictory.

Further, on a Rule 12(b)(6) motion, the district court reviews claims only for legal sufficiency. It "has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation":

> The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading.

*PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007). If Quinonez had made contradictory statements under oath, Remington could have sought relief under Rule 11. But, here, there is no basis for disregarding any of the Second Amended Complaint's allegations.

**B.    Arizona's Statute of Limitations Does Not Require Dismissal of the Second Amended Complaint.**

Remington contends that Plaintiffs' claims are barred by A.R.S. § 12-542(1), which requires that a personal injury action be brought within two years after the cause of action accrues. Plaintiffs contend that their causes of action did not accrue when the accident and injury occurred in October 2003, but rather in October 2010 when they first discovered the Remington Model 700 rifle's alleged defects. They further contend that the discovery rule raises a question of fact to be determined by a jury.

Under Arizona law, a cause of action accrues when the plaintiff knows or with reasonable diligence should know the facts underlying the cause. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995); *accord Doe v. Roe*, 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998). A core question is whether a reasonable person would have been on notice to investigate whether the injury was wrongfully inflicted. *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002). A defendant's fraudulent concealment relieves the plaintiff's duty of diligent investigation required by the discovery rule and tolls the statute of limitations until such concealment is

- 4 -

discovered or reasonably should have been discovered. *Id.* at 319, 44 P.3d at 999. "[T]he true inquiry [] is not whether the defendant has wrongfully concealed the existence of the cause of action itself, but whether the defendant has wrongfully concealed facts giving rise to the cause of action in such a manner as to prevent a plaintiff from reasonably discovering a claim exists within the limitations period." *Anson v. American Motors Corp.*, 155 Ariz. 420, 426, 747 P.2d 581, 587 (Ct. App. 1987).

As alleged, at the time of the accident, Quinonez knew that he did not activate the trigger of the rifle with his finger or body. He also knew that the strap of the rifle caught on the passenger seat as he attempted to remove the rifle from the vehicle. He presumed that something other than a defect caused the rifle to discharge. Also as alleged, Remington knew and concealed knowledge of the Remington Model 700 rifle's propensity to unexpectedly discharge without pulling the trigger, but concealed the information from the public. Under the alleged facts, a reasonable person would not have been on notice to investigate whether Quinonez's injury was wrongfully inflicted, and Remington's fraudulent concealment tolled the statute of limitations until such concealment was or reasonably should have been discovered. Once Quinonez had notice of the rifle's alleged defects, he timely fulfilled his duty of diligent investigation and filed a complaint. By denying Remington's motion to dismiss, the Court does not find that Plaintiffs' claims necessarily will survive a statute of limitations challenge on summary judgment and go to a jury, only that the Second Amended Complaint is sufficient to survive this challenge on the pleadings.

IT IS THEREFORE ORDERED that Defendant Remington Arms Company, LLC's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 37) is denied.

DATED this 9th day of May, 2012.

_____
Neil V. Wake
United States District Judge